# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

DORIS A. CHRISTENBERRY
d/b/a LITTLE PIGEON ROOST

      Debtor

Case No. 04-36484

## MEMORANDUM ON REQUEST
## FOR DISMISSAL OF LITTLE PIGEON ROOST

**APPEARANCES:**    Doris A. Christenberry
    Post Office Box 1253
    Seymour, Tennessee  37865
    *Pro Se* Debtor

    G. WAYNE WALLS
    Post Office Box 22400
    Knoxville, Tennessee  37933
    Chapter 7 Trustee

    RICHARD F. CLIPPARD, ESQ.
    UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    800 Market Street
    Suite 114
    Knoxville, Tennessee  37902
    Attorneys for United States Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the document entitled "Requests for Dismissal of Little Pigeon Roost Chapter 11" (Motion to Dismiss) filed on December 8, 2005, by the Debtor as "Sole Proprietor," asking the court to dismiss this bankruptcy case. By the Motion to Dismiss, the Debtor argues that she did not personally file for bankruptcy, but rather, her business, Little Pigeon Roost, filed for Chapter 11 protection, and since those debts have since been extinguished through the sale of assets, dismissal is appropriate.[1] A hearing is not necessary to the court's resolution of this matter.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O) (West 1993).

# I

Doris A. Christenberry, acting *pro se*, filed the Voluntary Petition commencing this bankruptcy case under Chapter 11 on December 14, 2004. Under "Name of Debtor," the Voluntary Petition reads "Doris A. Christenberry," which is handwritten over the typed "Little Pigeon Roost sole proprietor." The "Joint Debtor" box contains the type-written "Doris A. Christenberry," which was marked out and initialed by Ms. Christenberry. In the "All Other Names used by the Debtor" box is the handwritten "dba Little Pigeon Roost." Additionally, the Verification of Creditor Matrix, filed contemporaneously with the

---

[1] The Motion to Dismiss is not styled in the Debtor's name, but is styled "**LITTLE PIGEON ROOST**" Sole Proprietor - Doris A. Christenberry. In the Motion to Dismiss, Ms. Christenberry clearly endeavors to distinguish between herself and her business. For example, she states that "Doris A. Christenberry has never filed for bankruptcy under any Chapter of Bankruptcy . . . [and] [a] ruling by the court has wrongfully and unlawfully put Doris A. Christenberry into a Chapter 7 Bankruptcy. Doris A. Christenberry did not file Bankruptcy for herself . . . only a Chapter 11 for the Business **The Little Pigeon Roost**."

Voluntary Petition states that the Debtor is "Little Pigeon Roost" and the Joint Debtor is "Doris A. Christenberry."

On October 5, 2005, the court, after an evidentiary hearing held on September 28, 2005, entered an Order and corresponding Memorandum Opinion converting the Debtor's case from Chapter 11 to Chapter 7. On November 9, 2005, the Debtor filed a Request for Conversion to Chapter 13,[2] which was opposed by the Chapter 7 Trustee, G. Wayne Walls, and was ultimately denied by an Order entered on December 7, 2005, based upon the Debtor's failure to comply with the court's November 14, 2005 Order directing her to meet with the Chapter 13 Trustee and to amend her bankruptcy statements and schedules. The following day, December 8, 2005, the Debtor filed the Motion to Dismiss presently before the court.

**II**

The gist of the Debtor's argument is her assertion that her business, Little Pigeon Roost, alone filed for bankruptcy and that she personally did not. The Bankruptcy Code clearly defines "Who may be a debtor" at 11 U.S.C.A. § 109 (West 2004), which states, in material part, that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." 11 U.S.C.A. § 109(a). Additionally, "person" is a defined term under the Bankruptcy Code, and

---

[2] Interestingly, the opening paragraph of this document states: "**Comes the Debtor**, Doris A. Christenberry, requesting to be converted to Chapter 13 . . . ."

"includes individual, partnership, and corporation, but does not include governmental unit . . . [.]" 11 U.S.C.A. § 101(41) (West 2004).

The Bankruptcy Code defines a corporation as follows:

"corporation" –

(A) includes –

> (i) association having a power or privilege that a private corporation, but not an individual or a partnership, possesses;

> (ii) partnership association organized under a law that makes only the capital subscribed responsible for the debts of such association;

> (iii) joint-stock company;

> (iv) unincorporated company or association; or

> (v) a business trust; but

(B) does not include limited partnership[.]

11 U.S.C.A. § 101(9) (West 2004).  Tennessee Code Annotated states that "'Corporation' or 'domestic corporation' means a corporation for profit, which is not a foreign corporation, incorporated under or subject to the provisions of chapters 11-27 of this title[.]" TENN. CODE ANN. § 48-11-201(6) (2002).

The Bankruptcy Code does not define "individual"[3] or "partnership," but each of those terms is defined under Tennessee law.  A sole proprietorship is "[a] form of business in which one person owns all assets of a business in contrast to a partnership and

---

[3] The term "individual with regular income" is, however, defined at 11 U.S.C.A. § 101(30) (West 2005) to mean an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 . . . ."

corporation. The sole proprietor is solely liable for all the debts of the business." *State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Ct. Crim. App. 1999) (quoting *Hitt v. Hitt*, No. 02A01-9310-CV-00218, 1994 Tenn. App. LEXIS 645, at *6, 1994 WL 618608, at *2 (Tenn. Ct. App. Nov. 9, 1994) (quoting BLACK'S LAW DICTIONARY 1248 (5th ed. 1979)); *see also* TENN. CODE ANN. § 67-6-223 (2003) (stating that "[n]o tax is due with respect to tangible personal property of a sole proprietorship which becomes the assets of a corporation resulting from the incorporation of such sole proprietorship."); *Buckeye Retirement Co., LLC v. Heil (In re Heil)*, 289 B.R. 897, 909 n.10 (Bankr. E.D. Tenn. 2003) (defining sole proprietorship). A partnership is "an association of two (2) or more persons to carry on as co-owners of a business or other undertaking for profit formed under § 61-1-202, predecessor law, or comparable law of another jurisdiction." TENN. CODE ANN. § 61-1-101(6) (2002); *see also Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 769 (Bankr. E.D. Tenn. 2003).

The Debtor does not dispute that Little Pigeon Roost was a sole proprietorship, and in fact, that designation is found on the face of the Voluntary Petition and in the Motion to Dismiss. Accordingly, any assets owned by Little Pigeon Roost are, in fact, owned by the Debtor, its sole proprietor, and "[t]axes of a sole proprietorship are properly assessed against the sole proprietor." *In re Knize*, 210 B.R. 773, 776 (Bankr. N.D. Ill. 1997). Similarly, any property owned by Ms. Christenberry doing business as Little Pigeon Roost became property of the Debtor's bankruptcy estate when she filed her Voluntary Petition. *See* 11 U.S.C.A. § 541(a) (West 2004); *Altchek v. Altchek (In re Altchek)*, 124 B.R. 944, 955-56 (Bankr. S.D.N.Y. 1991) ("[A] Chapter 11 sole proprietor estate includes all pre-petition

5

property of the debtor, both individually and as a sole proprietor, plus proceeds and profits from the property which come to fruition post-petition, with the only exclusion being post-petition earnings of the debtor acquired as a result of his or her services.").

Moreover, bankruptcy law is clear with respect to whether a sole proprietorship can file for bankruptcy without its proprietor also doing so.

> A sole proprietorship is not a "person" for purposes of the Bankruptcy Code because it is neither an individual, nor a partnership, nor a "corporation." 11 U.S.C. § 101(41). Since it is not a "person," a sole proprietorship is ineligible to be a debtor in bankruptcy. 11 U.S.C. § 109(a)-(b).

*Gilliam v. Speier (In re KRSM Props., LLC)*, 318 B.R. 712, 717 (B.A.P. 9th Cir. 2004); *see also In re Drimmel*, 108 B.R. 284, 287 (Bankr. D. Kan. 1989) ("Quite simply, the reason there is no separate legal definition for a sole proprietor's interest in his or her business is that none is necessary where only one person owns a business. As the debtors put it, 'the business and the proprietor are one.'"); *In re T.W. Koeger Trucking Co.*, 105 B.R. 512, 515 (Bankr. E.D. Mo. 1989) (holding that "because the sole proprietor has no powers beyond that of an individual," it was ineligible to file solely as a business entity).

As discussed, Ms. Christenberry does not dispute that she operated Little Pigeon Roost as a sole proprietorship. Accordingly, Little Pigeon Roost was not eligible to file for protection under Chapter 11 of the Bankruptcy Code. However, its sole proprietor, Ms. Christenberry, was eligible to file for bankruptcy, and in fact, she is the party who sought, and is now under, the protection of the Bankruptcy Code. Although Ms. Christenberry no longer has a desire to be in bankruptcy, the fact remains that on December 14, 2004, she

filed for bankruptcy under Chapter 11 doing business as Little Pigeon Roost. The Debtor's desire to be free of that decision does not change the Bankruptcy Code or the definitions of business entities in the State of Tennessee, and she cannot now attempt to circumvent this court's decisions in that respect by claiming otherwise. In sum, Ms. Christenberry is the Debtor in this bankruptcy case having freely availed herself of the provisions of the Bankruptcy Code by the filing of her Voluntary Petition on December 14, 2004.

An order consistent with this Memorandum will be entered.

FILED: December 13, 2005

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE