**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DORIS A. CHRISTENBERRY
d/b/a LITTLE PIGEON ROOST

        Debtor

Case No.  04-36484

**MEMORANDUM ON APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF GREGORY C. LOGUE AND
WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC**

**APPEARANCES:**   WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
    Gregory C. Logue, Esq.
    Post Office Box 900
    Knoxville, Tennessee  37901
    Attorneys for Chapter 7 Trustee, G. Wayne Walls

    Doris A. Christenberry
    Post Office Box 1253
    Seymour, Tennessee  37865
    *Pro Se* Debtor

   RICHARD F. CLIPPARD, ESQ.
   UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    800 Market Street
    Suite 114
    Knoxville, Tennessee  37902
    Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Application for Compensation and Reimbursement of Gregory C. Logue and Woolf, McClane, Bright, Allen & Carpenter, PLLC (Application for Compensation) filed by Gregory C. Logue, attorney for the Chapter 7 Trustee, G. Wayne Walls, on November 29, 2006, requesting compensation in the amount of $11,199.00 and reimbursement of expenses in the amount of $318.55.[1] On December 20, 2006, the Debtor, *pro se*, filed a motion entitled "Motion to Request Critical Review of Application for Compensation of Gregory C. Logue and Woolf, McClane, Bright, Allen & Carpenter, PLLC" (Response) in opposition to the compensation requested by Mr. Logue. The Debtor also filed a document entitled "Filing to Support Motion to Requests [sic] a Critical Review of Charges and Time of Attorney Gregory C. Logue" on January 4, 2007.

The hearing on the Application for Compensation was held on January 11, 2007. No party in interest other than the Debtor appeared or opposed Mr. Logue's requested compensation.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) (West 2006).

I

The Debtor filed the Voluntary Petition commencing her case under Chapter 11 of the Bankruptcy Code on December 14, 2004. The case was subsequently converted to Chapter 7 on October 5, 2005, on the motion of the United States Trustee, and on November 8, 2005, G. Wayne Walls was appointed Trustee.[2] On November 10, 2005, Mr. Walls filed an Application to Employ

---

[1] As required by Rule 2016(a) of the Federal Rules of Bankruptcy Procedure, the Application for Compensation is supported by billing statements detailing the work performed by Mr. Logue and his firm from November 9, 2005, through October 31, 2006.

[2] Mr. Walls was appointed as substitute trustee in place of Maurice K. Guinn, who had served as Chapter 11
(continued...)

2

Counsel (Application to Employ), requesting authorization to employ Mr. Logue and his law firm to represent him in his administration of the bankruptcy estate. On December 9, 2005, the court entered an Order Authorizing Employment of Attorney *nunc pro tunc* to November 9, 2005.

Between November 2005 and November 2006, the administration of the Debtor's bankruptcy case progressed, infused with various contested matters commenced by the Debtor herself, including a failed attempt to convert to Chapter 13, two requests for discharge, a request for dismissal of her case on the grounds that she did not personally file for bankruptcy, an "answer" to her claims register, a request to convert her discharge to dismissal, and a request for the release of her assets and finalization of her discharge. During this time period, Mr. Logue represented the Trustee regarding the legal aspects of the bankruptcy estate, including the objections to and resolution of twenty-five claims, the filing of motions to abandon and sell property of the estate, and the resolution of various creditors' motions for relief from the automatic stay. In addition, the Trustee was required to respond and deal with the various motions and documents filed by the Debtor.

By her Response, the Debtor primarily contends that Mr. Logue should only be compensated for two meetings with herself and Mr. Walls, for filing objections to claims on behalf of the Trustee, and for two or three telephone calls with the Debtor's lender. She argues that the remainder of Mr. Logue's time did not benefit her and should not be compensable.

---

[2](...continued)
Trustee from February 17, 2005.

3

## II

Compensation of professionals is governed by 11 U.S.C.A. § 330(a), which provides, in material part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, . . . the court may award to . . . a professional person employed under section 327 . . .
>
>> (A)  reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and
>>
>> (B)  reimbursement for actual, necessary expenses.
>
>   (2) The court may, on its own motion or on the motion of . . . [a] party in interest, award compensation that is less than the amount of compensation that is requested.
>
>    (3)  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>>
>> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)(A)   Except as provided in subparagraph (B), the court shall not allow compensation for—

        (i) unnecessary duplication of services; or

        (ii) services that were not—

            (I) reasonably likely to benefit the debtor's estate; or

            (II) necessary to the administration of the case.

11 U.S.C.A. § 330(a) (West 2004).[3]

    As mandated by § 330(a), courts have an affirmative duty to review applications for compensation, irrespective of whether an objection is filed, and professionals seeking compensation bear the burden of proof that they are entitled to their requested compensation. *In re New Boston Coke Corp.*, 299 B.R. 432, 438 (Bankr. E.D. Mich. 2003). Nevertheless, absent an objection pursuant to one of its subsections, "a professional's fee application is afforded a presumption of correctness so long as it contains information sufficiently detailed to examine it under the light of § 330(a)'s criteria." *In re Kennedy Mfg.*, 331 B.R. 744, 747 (Bankr. N.D. Ohio 2005).

    The lodestar method has been historically utilized as the standard for determining whether compensation is reasonable. *In re Kieffer*, 306 B.R. 197, 205 (Bankr. N.D. Ohio 2004). The lodestar figure "is calculated by 'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'" *Boddy v. United States Bankr. Court, W. Dist. of Ky. (In re Boddy)*, 950

---

[3] In connection with § 330, Federal Rule of Bankruptcy Procedure 2016(a) requires the following:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, [and] the source of the compensation so paid or promised[.]

FED. R. BANKR. P. 2016(a).

F.2d 334, 337 (6th Cir. 1991) (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)). "A reasonable hourly rate should be determined based on 'the amount involved, customary fees, the level of skill required, reputation of the applicant, time limitation, whether the fee is contingent or fixed, and the case's undesirable aspects, if any.'" *In re Holder*, 207 B.R. 574, 581 (Bankr. M.D. Tenn. 1997) (quoting *In re Crabtree*, 45 B.R. 463, 465 (Bankr. E.D. Tenn. 1984)). After it establishes a lodestar figure, the court may consider additional factors such as time and labor involved, the novelty and difficulty of the question, and the skill necessary to perform the legal services properly, and it may adjust the compensation accordingly to achieve the most reasonable result. *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Thereafter, the court must examine the requested compensation and determine its reasonableness based upon "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of . . ." the Debtor's case. 11 U.S.C.A. § 330(a)(3)(C). In this analysis, as is particularly relevant in this case, "[t]he concept of 'benefit to the estate' is not restricted to an economic dollar for dollar interpretation." *Holder*, 207 B.R. at 584. In actuality, "there is no requirement that the services at issue resulted in an actual benefit to the estate[, and services should be evaluated] based on whether counsel exercised [his] best judgment in performing those services." *Boston New Coke Corp.*, 299 B.R. at 439. Also determinative is "whether the services rendered 'promoted the bankruptcy process or administration of the estate in accordance with the practice and procedures provided under the Bankruptcy Code

and Rules for the orderly and prompt disposition of the bankruptcy case[].'" *Holder*, 207 B.R. at 584 (quoting *In re Spanjer Bros., Inc.*, 203 B.R. 85, 90 (Bankr. N.D. Ill. 1996)).

After a review of the Application for Compensation, the detailed statements attached thereto, the Debtor's objections, and the events of this bankruptcy case as a whole, the court finds that the compensation requested by Mr. Logue and his law firm is based solely on services that were reasonably likely to benefit the estate, were necessary for the administration of the estate, and were not unnecessarily duplicative.

The Application for Compensation requests total fees in the amount of $11,199.00, attributable to the following billing rates and hours: (1) a total of 41.8 hours billed by Mr. Logue at an hourly rate of $215.00; (2) a total of 12.7 hours billed by J. Calvin Ward at an hourly rate of $145.00; and (3) a total of 4.4 hours billed by Karen E. Cain at an hourly rate of $84.20. The date and time entries reflect that Mr. Logue and his law firm engaged in the following activities on behalf of the Trustee: (1) the drafting of numerous documents on behalf of the Trustee, including objections to claims, motions to abandon and sell property of the estate, and responses to documents filed by the Debtor and various creditors; (2) involvement through correspondence and conferences with the Trustee, the United States Trustee, opposing counsel, creditors, real estate brokers, and the Debtor; (3) court appearances; and (4) conducting a title search. As is reflected in the Application for Compensation, Mr. Logue performed the majority of these services, which are detailed in the itemized statement attached. Upon its review of this statement, the court finds that none of the entries evidence an unnecessary duplication of services. Knowing the history of this case, the court

doubts that Mr. Logue actually included all of his time spent on behalf of the Trustee in his administration of the Debtor's estate.[4]

In her Response, the Debtor specifically objects to 11.5 of the 41.8 hours expended by Mr. Logue, broken down as follows: (1) a total of 2.0 hours related to a mortgage to Regions Mortgage and conversations with Maurice K. Guinn, the former Chapter 11 Trustee in the Debtor's case concerning this debt; (2) a total of 2.4 hours related to dealings with Attorney John Lockridge; (3) a total of 1.8 hours related to the Debtor's property in Montana; (4) a total of 4.9 hours related to the sale of the Debtor's property to David Salinsky; and (5) a total of .4 hours related to the Debtor's certificates of deposit held by Citizens Bank.

The Debtor then states that the following hours were the only ones that she would approve as having been spent "on her behalf": (1) .3 hours for a lender conference on December 21, 2006; (2) .2 hours for a conversation with the United States Trustee on January 5, 2006; (3) .3 hours for a conference with the Debtor on January 12, 2006; (4) .2 hours for a conversation with attorney Christy Brandon on January 27, 2006; (5) .2 hours for a conversation with lender Warren Sukienick on February 22, 2006; (6) .2 hours for a letter regarding a check paid by J. Christenberry on March 4, 2006; (7) .2 hours for a conversation with Mr. Sukienick on March 14, 2006; (8) .2 hours for a conversation with the Debtor on April 10, 2006; (9) .3 hours for a conference with the Debtor on April 18, 2006, during which materials were delivered to Mr. Logue; (10) .7 hours for drafting the

---

[4] In fact, the Debtor attached as part of her January 4, 2007 "Filing" in support of her Response, a collective Exhibit B, consisting of six letters she wrote to Mr. Logue concerning this bankruptcy case on February 11, 2006, March 14, 2006, May 16, 2006, June 6, 2006, June 16, 2006, and September 26, 2006. With the exception of the September 26, 2006 letter, the time records submitted by Mr. Logue evidence that he did not include time for review of this correspondence, even though he clearly could have billed out this time.

motion to abandon the lawsuit against Mr. Salinsky on May 3, 2006; (11) .4 hours for a conversation with Mr. Sukienick on May 8, 2006; (12) .3 hours for a letter to the Debtor regarding the abandonment of the lawsuit on May 12, 2006; (13) .2 hours for reviewing a letter from Mr. Sukienick on September 28, 2006; (14) .5 hours for reviewing a fax received from Mr. Sukienick on September 30, 2006; (15) .5 hours for drafting the motion to sell real estate on October 3, 2006; (16) .5 for drafting letters to Mr. Sukienick and the Trustee on October 5, 2006; (17) .6 hours for a conversation with Ms. Brandon regarding the sale on October 6, 2006; (18) .2 hours for a conversation with Mr. Ward on October 27, 2006; and (19) .2 hours for reviewing an order and drafting a letter to the Trustee and Mr. Sukienick on October 31, 2006. This comes to a total of 6.2 hours, or $1,333.00.

The Debtor's objections can be succinctly summed up into one concept: her mistaken belief that Mr. Logue should not be compensated for any services rendered that did not directly include her or her lenders[5] and did not directly provide a benefit to her. She has, however, consistently misunderstood the role of the Chapter 7 Trustee and his attorney with respect to their obligations to her, despite numerous explanations that the Trustee's duty and obligation is to maximize the estate for the benefit of creditors, not to protect her interests except as she falls within the aforementioned group by virtue of a surplus after liquidation of the property of the estate.

---

[5] The Debtor was attempting to borrow funds to pay off claims filed in her case.

The court finds that the rate of $215.00 per hour charged by Mr. Logue is reasonable, given his experience and expertise before this court.[6]  The court also finds that the hours expended by Mr. Logue and his law firm in their representation of the Trustee are reasonable based upon the history and events of this case.  Moreover, the court finds that the services provided by Mr. Logue and his law firm were necessary for the administration of and provided a benefit to the Debtor's bankruptcy estate.  As attorney for the Chapter 7 Trustee, Mr. Logue provided legal expertise to the Trustee in his determination of the estate's interests in property, objections to claims, the abandonment and sale of estate property, and in filing the necessary responses to motions and related documents filed by the Debtor and creditors.

In summary, the court finds that the services of Mr. Logue and his firm are fully compensable at the rates and amount requested.

An order consistent with this Memorandum will be entered.

FILED:  February 5, 2007

                                          BY THE COURT

                                          /s/  *RICHARD STAIR, JR.*

                                          RICHARD STAIR, JR.
                                          UNITED STATES BANKRUPTCY JUDGE

---

[6] The Debtor does not question the hourly rates billed by Mr. Logue and his firm.